

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2007

# Cardone v. Ryan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3338

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Cardone v. Ryan" (2007). 2007 Decisions. Paper 1683.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1683

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-102                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3338
_____

CHARLES F. CARDONE,

Appellant

v.

PAULA RYAN; E. STEPHEN CALLAWAY; ATTORNEY GENERAL; E. SCOTT
BRADLEY; T. HENLEY GRAVES; MELANIE WITHERS; LAWRENCE SULLIVAN;
JUDGE RICHARD STOKES; MICHAEL R. ABRAM*

(*Amended pursuant to order of 7/26/06)
_____

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00177)
District Judge:  Honorable Kent A. Jordan
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
January 19, 2007

BEFORE: SLOVITER, CHAGARES and NYGAARD, CIRCUIT JUDGES

(Filed:  February 2, 2007)

_____

OPINION
_____

PER CURIAM

Charles F. Cardone, a Delaware state prisoner proceeding pro se, appeals from the District Court's dismissal of his complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Because we agree with the District Court and conclude that this appeal is frivolous as well, we will dismiss it pursuant to § 1915(e)(2)(B).

Cardone filed a complaint under 42 U.S.C. § 1983, alleging that defendants have "eroded" his due process rights ever since he has "had the misfortune of coming into contact [with them] through Delaware's legal system[.]" Such contact was occasioned by Cardone's prosecution for and conviction of three crimes, the sentences for which the Delaware Supreme Court recently affirmed. See generally Cardone v. State, No. 397,2005, 2006 WL 686588 (Del. Mar. 17, 2006). The defendants are all judges or lawyers, and include the judge who presided over Cardone's trial (appellee Graves), the prosecutor (appellee Ryan) and Cardone's appointed counsel (appellee Abram). Also named as defendants are two other judges (appellees Bradley and Stokes), the Delaware Public Defender and a lawyer in his office (appellees Sullivan and Callaway, respectively), another prosecutor (appellee Withers) and the Delaware Attorney General.

Cardone alleges that "each defendant" has denied his "numerous requests" and, in particular, that he "requested motions to be filed, search for evidence to prove [his] innocence, bail reviews to reduce [his] bail, only to be ignored." Cardone further alleges that he has filed disciplinary complaints against appellees Abram and Graves, which were dismissed. Cardone seeks damages and requests that the District Court "[p]ull the

2

defendant's [sic] licenses" that allow them to "make a mockery of our legal system."

Cardone is proceeding in forma pauperis, so we review this appeal to determine whether it should be dismissed as frivolous pursuant to § 1915(e)(2)(B).[1]  An appeal is frivolous if it "lacks an arguable basis in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  We are in complete agreement with the District Court's reasons for dismissing Cardone's complaint, and our independent review reveals that there is no arguable basis to challenge them.  In particular, for the reasons explained by the District Court, we agree that the judicial and prosecutorial defendants are immune from this suit, that Cardone's counsel and the public defender defendants are not state actors for § 1983 purposes, and that the complaint does not state an actionable claim against the Delaware Attorney General.  We further agree that the complaint states no basis for relief even if it is liberally construed to challenge the validity of, or seek damages resulting from, Cardone's conviction or sentence, and that any amendment of the complaint would be futile.

---

[1]  The District Court dismissed Cardone's complaint without prejudice, but we have jurisdiction pursuant to 28 U.S.C. § 1291, both because the dismissal was in part pursuant to § 1915(e) and because any amendment of the complaint would be futile.  See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).  Our review is plenary.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).